**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

<table>
<tr><td>

**UNITED STATES**

**v.**

**WILSON FIGUEROA LANDAVERDE**

</td><td>

**Docket No. 26-mj-08225-PGL**

</td></tr>
</table>

**OPPOSITION TO GOVERNMENT'S**
**MOTION FOR DETENTION HEARING**

Now comes the defendant, Wilson Figueroa Landaverde, and moves this Honorable Court to deny the government's anticipated request for a detention hearing because it cannot make a preliminary showing that it is entitled to a detention hearing where he is already in ICE custody pending removal and faces a relatively low period of incarceration in this case.[1] *See United States v. Mendoza-Zarrate*, No. 3:25-30037, Dkt. 5, 2025 WL 1826506, at 7-8 (D. MA. July 2, 2025, Robertson, MJ). The government has advised through the affidavit in support of the criminal complaint in this case that Mr. Figueroa Landaverde was most recently arrested by ICE on July 1, 2026 as he was getting ready for work and loading a pickup truck. *See* Docket Entry ("DE") 2. ICE had received a tip that Mr. Figueroa Landaverde was back in the United States after his removal at the southern border in Texas in July of 2015. Defense counsel has been informed that there is no ICE detainer in place for Mr. Figueroa Landaverde.  This fact is of no consequence. Should this Court deny the government's motion for a detention hearing, he will simply revert to

---

[1] Mr. Figueroa Landaverde's GSR calculation is as follows.  Per U.S.S.G. § 2L1.2(a) his base offense level is 8. According to information provided by the government to defense counsel, Mr. Landaverde has no criminal history and no enhancements under U.S.S.G. § 2K1,2(b) would apply.  At an offense level of 8 and a Criminal History Category ("CHC") I, the GSR would be 0-6 months.  If Mr. Figueroa Landaverde resolves this case short of trial, a 2-level reduction of the base offense level of 8 for acceptance of responsibility results in a total offense level of 6. This result does not change the GSR of 0-6 months.

ICE custody pending removal on a previous deportation order for Mr. Figueroa Landaverde from 2015.

The Bail Reform Act requires a two-step process. *Mendoza-Zarrate* at 4, citing *United States v. Ibarra*, 2025 WL 27474, at *2 (D. ME. Jan. 3, 2025, Frink Wolf, MJ). The government must first show that the defendant is eligible for pretrial detention under one of five categories of serious crimes, a serious risk that the defendant will flee, or a serious risk that the defendant will obstruct justice. *Id*.; 18 U.S.C.  3142(f). Only if the government first establishes eligibility may the case then proceed to a hearing on the merits of its motion for detention. *Id*.; 18 U.S.C. 3142(g). Although the government's burden of proof at the eligibility stage is not explicitly stated in the Bail Reform Act, several courts have found it to be a preponderance of the evidence. *United States v. Pavon-Andino*, 2025 WL 446143 at 3, fn. 1 (D. CO. February 10, 2025, O'Hara, MJ) (collecting cases).

Here the government cannot show by a preponderance that Mr. Figueroa Landaverde is eligible for detention because he is already in ICE custody pending removal and, despite no ICE detainer having been lodged, there is no articulable basis to believe that he will ever be released from ICE custody while in the United States.  The defendant's presence in ICE custody, combined with ICE's demonstrated pattern of removing defendants with pending federal criminal cases shows that he is not a "serious" risk of flight under 18 U.S.C. 3142(f)(2)(A) because removal by the government is involuntary. *Mendoza-Zarrate*, supra at 6; *United States v. Lopez*, 2023 WL 8039318 (D. MA. November 20, 2023, Levenson, MJ); *United States v. Santos-Flores*, 94 F.3d 1088, 1091 (9th Cir. 2015); *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017). Given ICE's clear pattern, this Court should not entertain the fiction that Mr. Figueroa Landaverde presents any risk of voluntary flight.

Counsel is not aware of any cases in which the defendant has not been detained in the criminal case and is then later released from ICE custody in the United States. To guard against that extremely unlikely possibility, the Court could deny the government's motion for a detention hearing without prejudice and allow it to renew its motion based upon changed circumstances, including some plausible information that Mr. Figueroa Landaverde may be released from ICE custody in the United States. The number of instances where the government has removed defendants while the criminal case remained pending just since the current administration took office shows that this is now the government's routine procedure and that individualized determinations as to which defendants to release and which to remove are no longer being made. Further, in all these instances where individuals are deported, the United States Attorney's Office has simply filed a request for dismissal without prejudice of the charges pending in the District of Massachusetts.  These have primarily been illegal reentry cases

Several courts have ruled that the government is not entitled to a detention hearing in similar circumstances. *Mendoza-Zarrate*, supra (D. MA., Robertson, MJ); *Pavin-Andino,* supra, (D. CO., O'Hara, MJ); *United States v. Abrego Garcia*, 2025 WL 1727738 (M.D. TN. June 22, 2025, Holmes, MJ) (Remanded on appeal on finding that case involved minor victim under 18 U.S.C. 3142(f)(1)(E) by *United States v. Abrego Garcia*, 2025 U.S. Dist. LEXIS 140918); *United States v. Leonel*, 25-cr-10291, Dkt. 7 (D. MA. July 16, 2025, Levenson, MJ) (no detention hearing convened, court declined to detain defendant, allowed government to move to reopen should circumstances change); *United States v. Ruiz Rodriguez*, 25-cr-10256, Dkt. 7, 8 (D. MA. July 18, 2025, Kelley, MJ) (defendant released on personal recognizance at Initial Appearance/Arraignment).

For the above reasons and based on the particular facts of this case, the Court should deny the government's anticipated motion for a detention hearing without prejudice and order Mr. Figueroa Landaverde returned to ICE custody.

Respectfully Submitted,

WILSON FIGUEROA LANDAVERDE
By his attorney,

*/s/ Oscar Cruz, Jr.*
Oscar Cruz, Jr.
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
(617) 223-8061
Oscar_Cruz @fd.org

**Certificate of Service**

I, Oscar Cruz, Jr., hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: July 23, 2026                                     */s/ Oscar Cruz, Jr.*
                                                                         Oscar Cruz, Jr.